### SAMUEL LUCKETT *v.* W. P. HERNDON.

**Specific Performance—Action to Enforce—Answer—Sufficiency of.**

Appellant states, in his answer, that he has no knowledge or information sufficient to form a belief as to whether or not the title of appellee is good and perfect, and complains that he has never made an exhibition of his title. He does not point out specific defects in appellee's title nor does he call upon him for an exhibition of such title. He should either have denied his ability to convey in pursuance to his title bond or demanded an exhibition of his title, or else he should have pointed out specific defects in same.

APPEAL FROM FRANKLIN CIRCUIT COURT.

October 19, 1871.

OPINION BY JUDGE LINDSAY:

The answer of Luckett was not such as to put Herndon upon an exhibition of his title. He alleges in his petition that he holds the legal title to the land described in the bond, that he

is able to convey according to his bond, and tenders a conveyance.

Appellant contents himself with stating that he has no knowledge or information sufficient to form a belief as to whether or not the title of appellee is good and perfect, and complains that he has never made an exhibition of his title. He does not point out specific defects in appellee's title, nor does he call upon him for an exhibition of such title. He should either have denied his ability to convey in pursuance to his bond or demand an exhibition of his claim of title, or else he should have pointed out specific defects in such claims. As to the counter-claim, the evidence is conflicting. Both parties seem to have violated their agreement with regard to the right of Luckett to pass through the farm of Herndon. Although Herndon, under the pleadings, could not set off his claim for damages on this account against that of Luckett, still he might excuse his conduct by showing that Luckett persistently violated the contract by hauling through his land during wet weather.

All the evidence on this branch of the case being considered, we do not think appellant sustained his claim for damages. If the lien held on the land by Lewis had not been discharged as before mentioned, Luckett should have alleged that such was the fact.

Judgment affirmed. Chief Justice Pryor did not sit in this case.

*James, for appellant.*

*Rodman, for appellee.*